IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VANESSA ONUFFER** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DARBY TOWNSHIP, et al.** | : | **NO. 13-4208** |
| *Defendants*. | : | |

## MEMORANDUM

PRATTER, J.                                                                                              MARCH 6, 2014

### I.     FACTUAL BACKGROUND[1]

Exceedingly problematic allegations of "unsolicited, unwarranted, illegal and unwanted contact" between Plaintiff, Vanessa Onuffer, and Defendant, Kevin Walker, a former Darby Township Police Officer, appear in the Complaint at issue here. Specifically, Ms. Onuffer alleges that in the summer of 2010, Mr. Walker visited her home multiple times without her permission, repeatedly inappropriately "invited" her to the police station because he wanted to "massage her", and harassed her as she walked on the street late at night. (Compl. ¶¶ 10-13.)

Ms. Onuffer also alleges that Mr. Walker directed a fellow Darby Township Police Officer to take Ms. Onuffer into custody in the summer of 2010. That police officer allegedly handcuffed Ms. Onuffer and transported her to the Darby Township Police Department, where she was placed in a jail cell. Once there, Ms. Onuffer was required to empty her pockets and to

---

[1]     The factual summary is based on the allegations in the Complaint, which the Court assumes to be true for purposes of the motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

shake out her bra, and was told that a female officer was going to conduct a more thorough search. However, Ms. Onuffer alleges that a female officer never conducted a search, and, instead, Mr. Walker entered Plaintiff's cell and took her against her will to the women's locker room. Once in the locker room, according to the Complaint, Mr. Walker forced Plaintiff to describe how she would perform oral sex on him. Mr. Walker then allegedly told Ms. Onuffer to "prove that [she] had nothing in [her] vagina" and forced Ms. Onuffer to remove all of her remaining clothing. (Compl. ¶24.) Mr. Walker then told Ms. Onuffer to "spread her vagina lips," moved his face close to her, and required that she insert her finger in her vagina and move "her finger in and around the walls of her vagina." (Compl. ¶¶ 25-28.) Ms. Onuffer alleges that Mr. Walker's acts were under the guise of a supposed narcotics search.

Mr. Walker subsequently released Ms. Onuffer from custody and told her not to report his actions by stating, "I don't want to see any paperwork against me in the morning." (Compl. ¶ 29.) During the time of undertaking all of the above conduct, Mr. Walker was in police uniform and had his gun displayed on his hip. No charges were ever filed against Ms. Onuffer, and there is no record of her arrest.

Ms. Onuffer contends that Darby Township and Robert H. Thompson, the former Chief of Police for the Darby Township Police Department, are liable for Mr. Walker's conduct because he was a Darby Township Police Officer at the time. Specifically, Ms. Onuffer alleges in her Complaint that prior to the sexual assault and Mr. Walker's other inappropriate actions in the summer of 2010, Chief Thompson was on notice of multiple aspects of Mr. Walker's misconduct.

On July 19, 2011, Ms. Onuffer, along with other of his victims, reported Mr. Walker's conduct and he was arrested and charged by the Delaware County District Attorney's Office.

However, Ms. Onuffer also alleges that on July 22, 2011, following his arrest, Mr. Walker, who was at that time a Commonwealth of Pennsylvania Constable and no longer a Darby Police Officer, intimidated her during a communication at the Yeadon District Court in Yeadon, Pennsylvania.

In her Complaint filed July 19, 2013, Ms. Onuffer brings four federal causes of action under 42 U.S.C. 1983. Counts 1 through 3 allege violations of the Fourth, Fifth, and Fourteenth Amendments. Count IV, brought only against Darby Township and Robert Thompson, is for failure to train/supervise. Ms. Onuffer also sets out six state causes of action against all Defendants for negligence, assault, intentional infliction of emotional distress, false imprisonment, false arrest, and harassment.

On September 26, 2013, Defendants Darby Township and Robert H. Thompson (the "Moving Defendants") filed a Motion to Dismiss the Complaint against them for various reasons, including the operation of the statute of limitations. For the reasons discussed in greater detail below, the Court concludes that all allegations against the two Moving Defendants are time-barred by the applicable statute of limitations. Accordingly, the Court will dismiss Ms. Onuffer's claims against Darby Township and Robert H. Thompson.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted) (alteration in

original), the Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citation omitted).

To survive a motion to dismiss, the Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). The question is not whether the claimant will ultimately prevail but whether the complaint is "sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011) (citation omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (citations omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also Twombly*, 550 U.S. at 555 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). The Court also must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v.*

4

*Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). That admonition does not demand the Court turn its back on reality. The Court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and quotations omitted), or a Plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted). Finally, "if a [claim] is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d. Cir. 2008).

### III. DISCUSSION

The Moving Defendants argue that Ms. Onuffer's federal and state claims are barred by the statute of limitations. The Moving Defendants point out that as articulated in the Complaint, all of Ms. Onuffer's alleged claims against them occurred during the summer of 2010. Thus, the Moving Defendants argue that her claims are time-barred because she did not file her Complaint until July 19, 2013, but her claims had expired at the latest in the fall of 2012.

Count I through IV are brought under 42 U.S.C. § 1983, and § 1983 claims are "governed by the personal injury statute of limitations of the state in which the cause of action accrued." *O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006). The applicable Pennsylvania statute of limitations is two years. *See* 42 Pa.C.S.A. § 5524.

Although the applicable statute of limitations is borrowed from state law, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007). The statute of limitations for a cause of action under 42 U.S.C. § 1983 begins to run "when the plaintiff has a complete and present cause of action," that is, "when the plaintiff can file suit and

5

obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (internal quotations and citation omitted). The Third Circuit Court of Appeals has held that a federal cause of action accrues "upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong." *Oshiver v. Levin, Fishbein, Sedran, & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994).

The applicable Pennsylvania statute of limitations is also two years for Ms. Onuffer's state law claims for negligence, assault, intentional infliction of emotional distress, false imprisonment, false arrest, and harassment. 42 Pa.C.S.A. § 5524. Thus, Ms. Onuffer's claims against the Moving Defendants, filed in this Court on July 19, 2013, are untimely because her causes of action accrued before July 19, 2011, i.e., more than two years before she filed her Complaint and no tolling doctrine applies.[2]

In Ms. Onuffer's Complaint, she states that the day she was falsely arrested, falsely imprisoned, and sexually assaulted by Mr. Walker occurred in the summer of 2010.[3] (Compl. ¶14.) Additionally, the other allegations, including her claims that Mr. Walker stopped by her home, inappropriately asked to give her a "rub down", and harassed Ms. Onuffer while she walked at night, all took place during the summer of 2010 according to Ms. Onuffer's Complaint. (Compl. ¶¶ 9-13.) The only factual allegation occurring after the summer of 2010 is

---

[2] Ms. Onuffer argues that the Moving Defendants are premature in their pursuit of dismissal based on statute of limitations grounds at this stage in the pleadings. However, a statute of limitations defense can be used in the context of a Rule 12(b)(6) motion to dismiss where "the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385, n. 2 (3d Cir. 1994). As discussed in the text, *infra*, the operative dates of the alleged conduct at issue are plainly set forth in the Complaint at paragraphs 2 through 14.

[3] All of Ms. Onuffer's claims against the Moving Defendants are based on their responsibility for Mr. Walker's actions as a Darby Township Police Officer.

Ms. Onuffer's claim that Mr. Walker intimidated her while at Yeadon District Court on July 22, 2011. However, the July 22, 2011 incident took place when Mr. Walker was a Commonwealth of Pennsylvania Constable and not a Darby Township Police Officer. (Compl. ¶ 35.) Thus, the Moving Defendants cannot be liable for Mr. Walker's conduct on July 22, 2011, because he was no longer a Darby Township Police Officer at the time of that alleged incident. Accordingly, Ms. Onuffer's claims against Mr. Walker while he was a Darby Township Police Officer all took place, and accrued[4], during the summer of 2010. Additionally, her claims against the Moving Defendants would have also accrued at the latest on the dates of Mr. Walker's alleged actions, because her claims against the Moving Defendants' are based on their alleged responsibility for Mr. Walker's actions.[5] Therefore, Ms. Onuffer would have had to bring her claims against the Moving Defendants within two years of the dates of Mr. Walker's actions—or, at the latest, the fall of 2012—to avoid the affirmative defense of statute of limitations. Ms. Onuffer did not bring her Complaint until July 13, 2013, and, accordingly, her claims against the Moving Defendants are barred by the statute of limitations.

Ms. Onuffer is mindful of her limitations period problem, but the Court is not persuaded by her tolling argument. In her brief, Ms. Onuffer argues that she could not "appreciate [her] injury" because the Moving Defendants "engaged in an[] extended course of conduct . . . that

---

[4] Her claims accrued when the alleged incidents occurred because she would have been aware of her injuries at that same time.

[5] To be clear, the Court is not suggesting that Darby Township can be held liable under §1983 for respondeat superior liability for Mr. Walker's actions. *Monell v. New York Department of Social Services*, 463 U.S. 658, 98 S.Ct 2019 (1978). Under *Monell* "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," such as through a policy or custom or through failure to train/supervise. *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). This is distinct from a respondeat superior claim which is expressly barred by *Monell*.

dismantled Plaintiff's ability to function." (Pl.'s Resp. to Mot. for Summ. J. 4.) Ms. Onuffer argues that this conduct tolls the statute of limitations because of the "discovery rule". However, such an argument would relate to tolling based on fraudulent concealment, because Ms. Onuffer's opposition to the motion argues that there were affirmative acts by Defendants.[6] "To toll the statute of limitations, fraudulent concealment must be demonstrated by an affirmative independent act of concealment upon which the plaintiff [ ] justifiably relied." *Bucci v. Wachovia Bank, N.A.*, 591 F. Supp. 2d 773, 787 (E.D. Pa. 2008) (citing *Kingston Coal Co. v. Felton Min. Co., Inc.* 456 Pa. Super. Ct. 270, 690 A.2d 284 (1997) (internal quotation marks omitted.) Nevertheless, tolling based on fraudulent concealment clearly does not apply in this circumstance because Ms. Onuffer does not allege in her Complaint that she was unaware of her injury.[7] Additionally, by stating that she *feared* Mr. Walker, Ms. Onuffer does not establish that the Moving Defendants *concealed* her injury so that she was unaware of it. Accordingly, the

---

[6] Unlike fraudulent concealment, the so-called discovery rule tolls the statute of limitations when, through no affirmative action of the defendant, the plaintiff is still reasonably unaware that she has been injured or that her injury was caused by another party's conduct. *Mest v. Cabot Corp.*, 449 F.3d 502, 510 (3d Cir. 2006) (internal quotation omitted). Although the facts of this case are certainly disturbing, the Court concludes that the discovery rule does not toll Ms. Onuffer's claims, because the Complaint does not state that Plaintiff was *reasonably* unaware that she was injured at the time of her experiences in the Darby Township Police Station or that she was unaware that her injury was caused by another's conduct. Although Ms. Onuffer states in her brief that she was unaware of her injury, she does not allege that in her Complaint and "[a] court is limited on a motion to dismiss to facts contained and alleged in the Complaint and may not consider facts raised for the first time by parties in a legal brief." *Hackensack Riverkeeper, Inc. v. Delaware Ostego Corp.*, 450 F. Supp. 2d 467, 488 (D.N.J. 2006).

[7] Again, Ms. Onuffer's argument in her brief in opposition to the motion that she was unaware of her injury does not save her claim because the Court can look only to the facts alleged in the Complaint. *See Hackensack Riverkeeper, Inc*, 450 F. Supp. 2d at 488.

Court will grant the Moving Defendants' Motion to Dismiss Ms. Onuffer's claims against them.[8] An appropriate Order follows.

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[8] Moving Defendants request the Court also dismiss the Complaint as to Defendant Walker in his official capacity as a Darby Township Police Officer. "A lawsuit against public officers in their official capacities is functionally a suit against the public entity that employs them," *Cuvo v. De Biasi*, 169 Fed. App'x. 688, 693 (3d Cir. 2006), and, accordingly courts have discretion to dismiss claims against public officials in their official capacity as being redundant when the plaintiff also sues the local government unit. *See Allen v. Montgomery Cnty.*, No. 09-1458, 2009 WL 4042761, *5 (E.D. Pa. Nov. 19, 2009). However, in this case, the Court declines to dismiss Ms. Onuffer's claim against Mr. Walker, especially inasmuch as Mr. Walker has answered the Complaint and not moved to dismiss it.

9