IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANESSA ONUFFER | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN WALKER | : | NO. 13-4208 |
| *Defendant*. | : | |

## MEMORANDUM

PRATTER, J.                                                            JULY 11, 2014

## I.    FACTUAL BACKGROUND[1]

Exceedingly troubling allegations of "unsolicited, unwarranted, illegal and unwanted contact" between Plaintiff, Vanessa Onuffer, and Defendant, Kevin Walker, a former Darby Township police officer and Pennsylvania state constable, are in the Complaint at issue here. Specifically, Ms. Onuffer alleges that in the summer of 2010 Mr. Walker visited her home multiple times without her permission, repeatedly inappropriately "invited" her to the police station because he wanted to "massage her," and harassed her as she walked on the street late at night. (Compl. ¶¶ 9-13.)

Ms. Onuffer also alleges that during the same time period Mr. Walker directed a fellow Darby Township Police Officer to take Ms. Onuffer into custody. That police officer allegedly handcuffed Ms. Onuffer and transported her to the Darby Township Police Department, where

---

[1]    The factual summary is based on the allegations in the Complaint, which the Court assumes to be true for purposes of the motion on the pleadings. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Additionally, the Court has previously issued an opinion in this case, *see Onuffer v. Darby Twp.*, No. 13-4208, 2014 WL 881157 (E.D. Pa. Mar. 6, 2014), and a more detailed version of the facts can be found in that opinion.

1

she was placed in a jail cell and was required to empty her pockets and to shake out her bra. Subsequently, Mr. Walker entered Plaintiff's cell and took her against her will to the women's locker room. Once in the locker room, Mr. Walker allegedly sexually assaulted Ms. Onuffer. Ms. Onuffer alleges that Mr. Walker's acts were under the guise of a supposed narcotics search.

Mr. Walker subsequently released Ms. Onuffer from custody and told her not to report his actions, stating, "I don't want to see any paperwork against me in the morning." (Compl. ¶ 29.) No charges were ever filed against Ms. Onuffer, and there is no record of her arrest.

On July 19, 2011, Ms. Onuffer, along with other of his alleged victims, reported Mr. Walker's conduct and he was arrested and charged by the Delaware County District Attorney's Office. However, Ms. Onuffer also alleges that on July 22, 2011, following his arrest, Mr. Walker, who was at that time a Commonwealth of Pennsylvania constable, intimidated her during a communication at the District Court in Yeadon, Pennsylvania.

In her Complaint filed July 19, 2013, Ms. Onuffer brings three federal causes of action under 42 U.S.C. 1983 against Mr. Walker. Counts I through III allege violations of the Fourth, Fifth, and Fourteenth Amendments. Ms. Onuffer also sets out six state causes of action against Mr. Walker for negligence, assault, intentional infliction of emotional distress, false imprisonment, false arrest, and harassment.[2] On March 17, 2014, Mr. Walker filed a Motion for Judgment on the Pleadings. For the reasons discussed in greater detail below, Mr. Walker's Motion for Judgment on the Pleadings will be granted.

## II.    LEGAL STANDARD

---

[2]     The Court previously dismissed Ms. Onuffer's claims against Darby Township and Robert Thompson. *Onuffer*, 2014 WL 881157, at *2.

The standard for evaluating a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) for failure to state a claim is the same as the familiar standard used for evaluating a motion to dismiss under Rule 12(b)(6). *E.g., Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010) (citing *Turbe*, 938 F.2d at 428); *Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n. 4 (3d Cir. 1986). In fact, because "Rule 12(h)(2) provides that '[a] defense of failure to state a claim upon which relief can be granted' may be advanced in a motion for judgment on the pleadings under Rule 12(c)," the distinction between a motion under 12(b)(6) and a motion under 12(c) "is purely formal." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir.1990).

Such motions test the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' "*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id*.

To survive a motion to dismiss or a motion for judgment on the pleadings the plaintiff's complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011) (internal citation and quotation marks omitted). Thus, assessment of the sufficiency of a complaint (or pleading) is "a context-dependent

exercise" because "[s]ome claims require more factual explication than others to state a plausible

claim for relief." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

   In evaluating the sufficiency of a complaint (or pleading), the Court adheres to certain

well-recognized parameters. For one, the Court "must consider only those facts alleged in the

complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859

(3d Cir. 1994). *See also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the

allegations in the complaint are true (even if doubtful in fact)"). The Court may consider

undisputedly authentic exhibits attached to the complaint (or pleading) for this purpose. *E.g.,*

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993);

*Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the

complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly

authentic documents if the complainant's claims are based upon these documents."). The Court

must also accept as true all reasonable inferences emanating from the allegations, and view those

facts and inferences in the light most favorable to the nonmoving party. *Rocks v. City of*

*Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989). *See also Revell*, 598 F.3d at 134; *Jablonski v.*

*Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir. 1988). But that admonition does

not demand that the Court ignore or discount reality. The Court "need not accept as true

unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino*

*Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and internal quotation marks omitted), and

"the tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. *See also*

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions" (citations omitted)).

## III.    DISCUSSION

## I.    Statute of Limitations[3]

Mr. Walker argues that all but one of Ms. Onuffer's factual allegations against him are time-barred by the applicable statute of limitations and that the remaining allegation is insufficient to support a claim under 42 U.S.C. § 1983. The Court agrees, and dismisses all federal claims over which it has original jurisdiction and consequently declines to exercise supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(c)(3).

Section 1983 "provides a remedy for deprivation of rights secured by the Constitution when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage'" of a State. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). The statute of limitations for a § 1983 claim is "borrowed from the forum state's personal injury statute." *Daley v. U.S. Dist. Ct.*, 383 Fed. App'x. 178, 179 (3d Cir. 2010). In Pennsylvania, the statute of limitations for personal injury claims is two years. *See* 42 Pa.C.S.A. § 5524. Mr. Walker argues that Ms. Onuffer's federal claims are time-barred because all but one allegation in the Complaint occurred more than two years before the Complaint was filed. The allegations that Mr. Walker harassed Ms. Onuffer on the street and brought her to the police station where he assaulted her

---

[3]     Ms. Onuffer argues that Mr. Walker is premature in his pursuit of dismissal based on statute of limitations grounds. However, a statute of limitations defense can be used in the context of a Rule 12(b)(6) motion to dismiss (and, for reasons explained above, in a Rule 12(c) context) where "the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384, n. 1 (3d Cir. 1994). As discussed in the text, *infra*, the operative dates of the alleged conduct at issue are plainly set forth in the Complaint at paragraphs 2 through 14 and 35.

all occurred in the summer of 2010, and Ms. Onuffer did not file her Complaint until approximately three years later on July 19, 2013.

The date at which a § 1983 cause of action accrues is a question of federal law and occurs "when the plaintiff has a complete and present cause of action," indicated by the point when "the plaintiff can file suit and obtain relief," *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal citation and quotation marks omitted). "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). The plaintiff need only be aware of the injury and not of "a potential legal theory or cause of action" on which she can obtain relief for the injury. *Giles v. City of Philadelphia*, 542 Fed. App'x. 121, 123 (3d Cir. 2013). Accordingly, Mr. Walker alleges that Ms. Onuffer's claims accrued during the summer of 2010 when Mr. Walker allegedly harassed and sexually assaulted Ms. Onuffer.

Ms. Onuffer makes two arguments to support her contention that the allegations from the summer of 2010 are not time-barred: first, that the discovery rule applies to her case; and, second, that the so-called continuing violation doctrine applies. However, as will be discussed below, neither the discovery rule nor the continuing violation doctrine apply, and, thus, the majority of her allegations are barred by the statute of limitations.

A.      **The Discovery Rule**

The focus of Ms. Onuffer's brief is that the discovery rule should be applied in her case. The discovery rule does not pertain to the accrual date of a cause of action, but rather "[i]t serves to toll the running of the statute of limitations until the plaintiff knows or reasonably should know (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." *Baily v. Lewis*, 763 F. Supp. 802, 805 (E.D. Pa. 1991) (internal citation and quotation

marks omitted). The key distinction between claim accrual and tolling is that "'accrual' of a cause of action occurs at the moment at which each of its component elements has come into being as a matter of objective reality, such that an attorney with knowledge of all the facts could get it past a motion to dismiss for failure to state a claim," *William A. Graham Co. v. Haughey*, 138, 150 (3d Cir. 2011), whereas there may be "various statutory and judge-made rules that operate to toll the running of the limitations period." *Id.* at 147.

The tolling of a statute of limitations on a § 1983 claim is a matter of state law as long as there is no conflict with federal law or policy. *Kach v. Hose*, 589 F.3d 626, 639 (3d. Cir. 2009); *Leonard v. City of Pittsburgh*, No. 13-455, 2013 WL 4541727, *3 (E.D. Pa. Aug. 27, 2013). In Pennsylvania, the discovery rule tolls the statute of limitations "until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct." *Danysh v. Eli Lilly and Co.*, 461 Fed. App'x. 75, 77 (3d Cir. 2012) (quoting *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005)). Ms. Onuffer contends that the discovery rule applies because she pled that she was suffering from post-traumatic stress disorder ("PTSD"), which "comes with the *reasonable inference* that [she] was rendered unable to appreciate her injuries" because PTSD has as one of its "primary and most notable symptoms a distinct penchant for denial." (Pl.'s Resp. 7.)

This argument fails on both procedural and substantive grounds. First, in granting the motion to dismiss the claims against Darby Township and former Police Chief Robert Thompson in this case, this Court already brought to Ms. Onuffer's attention that her Complaint was missing the allegation that she was "reasonably unaware" of her injuries. *Onuffer*, 2014 WL 881157, at *4 n. 6. Instead of correcting the pleading deficiency, Ms. Onuffer argues in her Response to Mr. Walker's instant Motion for Judgment on the Pleadings that because she alleged

7

PTSD as one of her injuries, "reasonable inferences" from her factual allegations "should suffice to demonstrate that Plaintiff would/did suffer psychological damage to the degree that it would render her unable to appreciate her circumstances as others, who did not suffer such abuse, would." (Pl.'s Resp. 6–7.) However, in her Complaint, Ms. Onuffer merely alleged that she was suffering from PTSD in July 2011 when she testified against Mr. Walker. (Compl. ¶ 36.) Thus, to form a plausible basis for the discovery rule, Ms. Onuffer's Complaint requires the Court to make the connection that because she was suffering from PTSD and "denial" is one of the most common symptoms of PTSD, then she must be experiencing denial with regard to the events of the summer of 2010, and that her denial meets Pennsylvania's objective standard of "reasonable unawareness" described below. It would be inappropriate for this Court to make these unreasonable inferences from the limited allegations contained in Ms. Onuffer's Complaint.

However, even if the Court were to make that inference—that Ms. Onuffer was suffering from a condition that made her unable to appreciate her injury—the discovery rule would still not apply to her claims as there is simply no basis in Pennsylvania law for application of the discovery rule to a situation where the plaintiff suffers from PTSD after the event. "Under the discovery rule, the statute of limitations begins to run '[w]hen the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress.'" *Lujan v. Mansmann*, No. 96-5098, 1997 WL 634499, *3 (E.D. Pa. Sept. 24, 1997) (quoting *A. McD. v. Rosen*, 621 A.2d 128, 130 (1993) (citation omitted)). As stated above, whether a person is "reasonably unaware" of her injury is determined by an objective standard, and not "a standard of reasonable diligence unique to a particular plaintiff." *Id.* at 3 (citation omitted). In Pennsylvania, a person is "reasonably unaware" so as to justify application of the discovery rule "only in those situations where the

nature of the injury itself is such that no amount of vigilance will enable the plaintiff to detect an injury." *See Dalrymple v. Brown*, 701 A.2d 164, 170 (Pa. 1997). "Although this analysis is factual in scope, thus normally making it a question for a jury, where 'reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law.'" *Sullivan v. Doe*. No 07-2092, 2008 WL 4083176, *5 (E.D. Pa. Aug. 28, 2008) (quoting *Gaetano v. Bayer, Inc.*, No. 04-1812, 2007 WL 3334985, at *16 (W.D. Pa. Nov. 8, 2007))

It is understood that "Pennsylvania favors strict application of statutes of limitations." *Knopick v. Connelly*, 639 F.3d 600, 606 (3d Cir. 2011). *See also Glenbrook Leasing Co. v. Beausang*, 839 A.2d 437, 441 (Pa. Super. Ct. 2003). Thus, courts have applied the discovery rule only in limited circumstances. Relevant to this case, the courts in Pennsylvania "have been unwilling to allow the incapacity of a plaintiff to toll the statute of limitations." *Baily*, 763 F. Supp. at 808. Accordingly, courts have refused to toll the statute of limitations in cases with similar facts to this one. For example, in *Baily v. Lewis*, a court in this District determined that repressed memories due to a childhood sexual assault did not toll the statute of limitations. *Id.* at 810–11. In *Dalrymple v. Brown*, the Pennsylvania Supreme Court relied on the *Baily* holding and confirmed that under Pennsylvania law repressed memories would not toll the statute of limitations. *See* 701 A.2d at 167–70. In another similar case, *Getchey v. County of Northumberland*, 120 Fed. App'x. 895, 897 (3d Cir. 2005), the plaintiff alleged that he had repressed memories of an assault occurring while he was an inmate, and, thus, he could not bring his claims until the emergence of the memories of the assaults. The Third Circuit Court of Appeals agreed with the district court that the claim was time-barred because "[w]hile [plaintiff]

may have repressed memories of the assaults, the *Dalrymple* reasoning precludes us from using the repression as an excuse since it is not the case that 'no amount of vigilance' would have enabled [plaintiff] to uncover the injuries. . . . After all, [plaintiff] was surely aware of these as they were occurring . . . [and] this awareness must have persisted at least in the short term." *Id.* at 899 (internal citations and quotation marks omitted). Accordingly, the court declined to apply the discovery rule. *Id.*

The Court concludes that the reasoning in *Getchey*, *Dalrymple*, and *Baily* applies in this case because Ms. Onuffer's contention that she suffered from denial as a result of PTSD following Mr. Walker's actions is not materially different from the plaintiffs' contentions in the above cases regarding repressed memories. Like the plaintiffs in the above cases, Ms. Onuffer does not allege that she was unaware of the actions at the time they occurred, just that she suffered from denial after the events. Additionally, the nature of Ms. Onuffer's injuries is ultimately not such that they were not reasonably discernible at the time of their occurrence. She alleges that she rebuffed Mr. Walker's advances and was "terrified" by Mr. Walker's misconduct at the police station. (Compl. ¶ 13, 30.) This Court is satisfied that these facts indicate Ms. Onuffer's awareness of the factual basis of her injuries at the time of their occurrence such that application of the discovery rule would be inappropriate. Though Ms. Onuffer's allegations are very serious, and this Court certainly does not take them lightly, they are still appropriately barred by the statute of limitations. *See Lujan*, 1997 WL 634499, at*3 (quoting *Dalrymple*, 701 A.2d at 167) ("[T]he [discovery] rule cannot be applied so loosely as to nullify the purpose for which a statute of limitations exists.")

**B.      The Continuing Violations Doctrine**

Ms. Onuffer also argues that the final incident on July 22, 2011, was the last

manifestation of a "course of conduct" in which Mr. Walker engaged. Thus, the Court liberally

interprets this statement to be an argument as to the applicability of the continuing violation

doctrine to Mr. Walker's actions, though she does not mention the doctrine by name.

The continuing violations doctrine provides: "when a defendant's conduct is part of a

continuing practice, an action is timely so long as the last act evidencing the continuing practice

falls within the limitations period; in such an instance, the court will grant relief for the earlier

related acts that would otherwise be time barred." *Tozer v. Darby PA,* No. 13-2005, 2014 WL

1378817, at *4 (E.D. Pa. Apr. 7, 2014) (quoting *Cowell v. Palmer Township*, 263 F.3d 286, 292

(3d Cir. 2001)).

However, "the continuing violation doctrine cannot be applied to conduct that is

independently actionable," which is defined as a discrete act. *Id.*

> The difference between a discrete act and a non-discrete act, according to
> *O'Connor* and *Morgan*, is that discrete acts are "easy to identify." The Supreme
> Court held in *Morgan* that non-discrete acts necessarily "occur [ ] over a series of
> days or perhaps years and, in direct contrast to discrete acts, a single act of
> harassment may not be actionable on its own." *Morgan*, 536 U.S. at 115. The
> term "non-discrete acts" has been interpreted by at least one district court in this
> Circuit to mean activity taking place "behind the scenes," such as internal
> memoranda, e-mails, or letters suggesting a pattern of unlawful conduct.

*Rankin v. Smithburger*, No. 12-01373, 2013 WL 3550894, at *5 (W.D. Pa. July 11, 2013)

(quoting *Hankin Family P'ship v. Upper Merion Twp.*, No. 01-1622, 2012 WL 43599, at *11

(E.D. Pa. Jan. 6, 2012)). This Court finds the Mr. Walker's conduct regarding the alleged arrest

and sexual assault were discrete acts. Additionally, Mr. Walker's other actions taken in the

summer of 2010, including making inappropriate comments to Ms. Onuffer at her house and

harassing her on the street, are also likely discrete acts as it is defined above. Additionally, even if the Court were to determine that Mr. Walker's actions during the summer of 2010 were not discrete acts, Ms. Onuffer's only timely allegation—that Mr. Walker "[used] his position as a Commonwealth of Pennsylvania Constable to incite fear, intimidation, and official oppression," on July 22, 2011, is clearly not a part of the same continuing practice of sexual harassment that occurred in the summer of 2010. Therefore, the statute of limitations on each of Mr. Walker's action began to run at the time of their respective occurrences and expired in the summer of 2012. Ms. Onuffer cannot revive those claims by attaching them to the July 22, 2011 allegation of intimidation.

This Court therefore dismisses all allegations as time-barred except that the allegation that "[o]n or about July 22, 2011, Defendant, Kevin Walker, used his position as a Commonwealth of Pennsylvania Constable to incite fear, intimidation, and official oppression within Plaintiff during a communication with Plaintiff at Yeadon District Court, Yeadon, PA." (Compl. ¶ 35.) Accordingly, the Court must decide whether this allegation is enough to state a claim under 42 U.S.C. § 1983. As discussed below, the Court concludes that this sole allegation is insufficient, and Ms. Onuffer's Complaint must be dismissed.

## II. § 1983 Claims

"To succeed in a § 1983 claim, a plaintiff must 'prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Washington v. Hanshaw*, 552 Fed. App'x. 169, 171 (3d Cir. 2014) (quoting *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011)). Ms. Onuffer establishes the first element when she alleges that Mr. Walker was acting in his capacity as a Commonwealth of

Pennsylvania Constable during the July 22, 2011 incident. Mr. Walker does not challenge this assertion. Mr. Walker's argument in his Motion for Judgment on the Pleadings instead contends that Ms. Onuffer has not established a requisite constitutional deprivation. Accordingly, Mr. Walker argues that the remaining allegation that he "[used] his position as a Commonwealth of Pennsylvania Constable to incite fear, intimidation, and official oppression . . . during a communication with Plaintiff at Yeadon, District Court," is insufficient to support a federal claim under 42 U.S.C. § 1983.

In Counts I through III, Ms. Onuffer alleges generally that Mr. Walker violated her Fourth, Fifth, and Fourteenth Amendment rights, including violating her right to be free of an unreasonable search and seizure and her right to equal protection. It is clear that Ms. Onuffer's allegation regarding Mr. Walker's conduct at the Yeadon Courthouse cannot constitute an unlawful search or seizure.[4] Additionally, Ms. Onuffer's only remaining timely allegation cannot be an equal protection violation.  "To bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, plaintiffs must prove the existence of purposeful discrimination. They must demonstrate that they 'receiv[ed] different treatment from that received by other individuals similarly situated.' Specifically to prove sexual discrimination, a plaintiff must show that any disparate treatment was based upon . . . gender." *Machon v. Pennsylvania Dept. of Public Welfare*, 847 F. Supp.2d 734, 749 (E.D. Pa. 2012) (quoting *Keenan v. City of Philadelphia*, 983 F.2d 459, 465 (3d Cir. 1992) (citing *Andrews v. Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990))). Ms. Onuffer has failed to allege that she experienced disparate treatment with regard to

---

[4]      In fact, it seems clear that Ms. Onuffer's allegation of unreasonable search and seizure clearly references her alleged illegal arrest and detention. However, as discussed above, that allegation is untimely and barred by the statute of limitations.

Mr. Walker's conduct at the district court in Yeadon, and, therefore, the Court dismisses her equal protection claim as well.

Although Ms. Onuffer does not explicitly state any other specific constitutional violation, because she generally alleges that Mr. Walker violated her Fourth, Fifth, and Fourteenth Amendment rights, the Court will briefly address the only other potential constitutional claim upon which her § 1983 claim may rest: a violation of her right to substantive due process. Again, the only allegation that is timely is Ms. Onuffer's claim that "[o]n or about July 22, 2011, Defendant, Mr. Walker, used his position as a Commonwealth of Pennsylvania Constable to incite fear, intimidation, and official oppression within Plaintiff during a communication with Plaintiff at Yeadon District Court, Yeadon, PA." (Compl. ¶ 35.) "A violation of the Fourteenth Amendment right to substantive due process may be shown by a government actor's conduct that 'shocks the conscience.'" *Robinson v. Hicks*, 450 Fed. App'x 168, 174–75 (3d Cir. 2011) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998). Ms. Onuffer's allegation that Mr. Walker communicated with her in a threatening way is not so egregious to shock the conscience, and, thus, she has not stated a substantive due process claim. *See Robinson*, 450 F. App'x at 174–75 (detailing cases where harassment and threats did not "shock the conscience", and, thus, did not violate a plaintiff's substantive due process rights.)

Finally, upon careful review of Ms. Onuffer's Complaint, she appears to be alleging that the Defendants conspired to violate her constitutional rights in violation of § 1983. "The elements of a conspiracy are a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose. The plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." *Hammond v.*

14

*Creative Fin. Planning Org., Inc.*, 800 F. Supp. 1244, 1249 (E.D. Pa. 1992) (*internal citation omitted)* Ms. Onuffer makes no specific allegation of any kind of agreement or understanding between parties, and, thus, to the extent Ms. Onuffer's Complaint contains a conspiracy claim, it fails as a matter of law and must be dismissed.

In Ms. Onuffer's Complaint, she also asserts six state causes of action against Mr. Walker for negligence, assault, intentional infliction of emotional distress, false imprisonment, false arrest, and harassment. Because all of Ms. Onuffer's federal claims have now been dismissed, the Court will exercise its discretion not to exercise supplemental jurisdiction over her remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [pendant state law claim] if ... the district court has dismissed all claims over which it has original jurisdiction[.]").

## III. CONCLUSION

Thus, for the foregoing reasons, the Court will grant Mr. Walker's Motion for Judgment on the Pleadings. However, because Ms. Onuffer alleged in her briefing that Mr. Walker's conduct covered a more extensive time period than included in her Complaint, the Court will dismiss the case without prejudice to allow Ms. Onuffer to amend her Complaint to include factual allegations that are timely and that state a claim under § 1983. An appropriate Order follows.

<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE